IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Christopher Sam Commander, | ) | |
| | ) | Civil Action No. 5:16-3672-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Christopher Sam Commander ("Commander"), a state prisoner proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Respondent's motion for summary judgment (ECF No. 27), deny Commander's motion for discovery (ECF No. 43), and dismiss Commander's petition (ECF No. 53). The parties were advised of their right to file objections to the Report. (ECF No. 53-1). Respondent filed timely objections. (ECF No. 55). Petitioner did not file any objections, and the time to do so has now run. For the reasons stated below, the court adopts the Report as modified below. Accordingly, Respondent's motion for summary judgment (ECF No. 28) is granted.

The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the

1

recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## I. Background/Procedural History

The magistrate judge sets forth the background and procedural history in detail in her Report. (Report at 2-20). Briefly, on January 7, 2005, family members found Gervonya Goodwin's partially decomposed body inside her home. Family members had not seen or spoken with Goodwin since November 29, 2004. Goodwin's purse, cell phone, and car were missing. Commander was arrested in New Orleans with Goodwin's car, and he admitted to officers that he had killed Goodwin.

Commander was indicted for murder and after a six day jury trial beginning October 10, 2006, the jury found Commander guilty of murder. He was sentenced to life imprisonment without the possibility of parole. Commander filed a direct appeal raising two issues on appeal:

> 1) Whether the court erred by ruling pathologist Dr. Clay Nichols could testify that from the circumstances which followed the decedent's death, such as her automobile and other property being taken by her boyfriend, appellant, for his own use, and the apparent "cover-up" that he opined her death was a homicide, and also was not an accident, since Dr. Nichols opinion in this regard was not admissible under Rule 702, SCRE because this opinion was not based on scientific, technical or other specialized knowledge that was beyond a judgment the jury could make on its own?
>
> 2) Whether the court erred by refusing to charge the defense of accident where jailhouse snitch and "jailhouse lawyer" John Pressley testified appellant told him in one statement that he accidentally killed the decedent, but later changed his statement when Pressley told appellant no one would believe him, since Pressley's testimony that appellant first told him the decedent's death was an accident was evidence of accident mandating that instruction.

(ECF No. 26-5 at 6). On June 11, 2009, the South Carolina Court of Appeals affirmed his conviction and sentence on June 11, 2009. *State v. Commander,* 681 S.E.2d 31 (S.C. Ct. 2009). (ECF No. 26-7 at 3-12).

Commander then filed a petition for a writ of certiorari with the South Carolina Supreme Court raising the following issues:

> 1) Whether the Court of Appeals erred by ruling pathologist Dr. Clay Nichols could testify that from the circumstances which followed the decedent's death, such as her automobile and other property being taken by her boyfriend, petitioner, for his own use, and the apparent "cover-up" that he opined her death was a homicide, and also was not an accident, since Dr. Nichols opinion in this regard was not admissible under Rule 702, SCRE because this opinion was not based on scientific, technical or other specialized knowledge that was beyond a judgment the jury could make on its own?
>
> 2) Whether the Court of Appeals erred by refusing to charge the defense of accident where jailhouse snitch and "jailhouse lawyer" John Pressley testified petitioner told him in one statement that he accidentally killed the decedent, but later changed his statement when Pressley told petitioner no one would believe him, since Pressley's testimony that petitioner first told him the decedent's death was an accident was evidence of accident mandating that instruction?

(ECF No. 26-8 at 4). The court granted the petition on November 17, 2010. (ECF No. 26-10 at 1). On October 31, 2011, the South Carolina Supreme Court affirmed the South Carolina Court of Appeals' decision as modified. *State v. Commander*, 721 S.E.2d 413 (S.C. 2011). (ECF No. 26-13).

Commander subsequently filed an application for post-conviction relief ("PCR") on June 1, 2012, raising the following issues, quoted verbatim: 1) ineffective assistance of counsel, 2) failure to investigate, and 3) denial of 5th, 6th and 14th Amends. U.S. Const. (ECF No.26-3 at 435). As facts to support his grounds, Petitioner stated: "a) Counsel did not render reasonable proff. assistance. b) Applicant reserves the right to amend this application to include all issues available and does not waive any." *Id*.

After a hearing, the PCR court denied Commander relief on December 5, 2014. (ECF No. 26-4 at 39-59). Commander filed an a petition for a writ of certiorari with the South Carolina Supreme Court raising one issue: "Whether defense counsel was ineffective in failing to object to witness John Presley introducing evidence of a prior bad act of petitioner's which was a prior

domestic violence charge against the victim?" (ECF No. 26-15 at 3). In his pro se petition, Petitioner presented the following issues:

> 1) Was trial counsel ineffective in failing to object when witness John Presley introduced evidence of petitioner's prior domestic violence against the victim?
>
> 2) Was trial counsel ineffective in failing to object when witness John Presley offered testimony as to his opinion regarding the truth of petitioner's statements describing the manner of the victim's death?
>
> 3) Was trial counsel ineffective in failing to sufficiently challenge the forensic pathologist's findings of homicide as a manner of death?
>
> 4) Was trial counsel ineffective in failing to effectively communicate with petitioner regarding the decision not to present the evidence that petitioner's DNA was absent from the scene of the crime and in failing to request a mistrial when the solicitor implied petitioner's DNA evidence was present at the scene of the crime during closing arguments?
>
> 5) Was trial counsel ineffective in failing to request a mistrial when the solicitor advised the jurors that they could consider events occurring after the victim's death in determining whether malice was present to support a charge of murder?
>
> 6) Was trial counsel ineffective in failing to object to the court's instruction that "inferred malice may also rise where a deed is done with a deadly weapon?
>
> 7) Was petitioner prejudiced by trial counsel's cumulative errors?

(ECF Nos. 26-20; 26-23). On July 18, 2016, the South Carolina Supreme Court denied Commander's petition for a writ of certiorari. (ECF No. 26-27).

On November 22, 2016, Commander filed this habeas petition raising the following five grounds for relief, quoted verbatim:

> **Ground One:** Whether the trial court erred by ruling pathologist Dr. Clay Nichols could testify that from the circumstances which followed the decedent's death, such as her automobile and other property being taken by her boyfriend, appellant, for his own use, and the apparent "cover-up" that he opined her death was a homicide, and also was not admissible under Rule #702, SCRE because this opinion was not based on scientific, technical or other specialized knowledge that was beyond a judgment the jury could make on its own?
>
> **Supporting Facts:** The State's case was based entirely on circumstantial evidence or an mere theory. The trial court did in fact erred in ruling that Dr. Nichols could testify to the circumstances of the decedent's death in violation of the Constitution,

4

laws, or treaties of the United States. The United States Supreme Court case of *Estelle v. Smith, (1981) which it is contended made inadmissible that Dr. Nichols testimony was not based on scientific, technical or other specialized knowledge, but, rather an opinion. The judgment that the jury could only make was tooken away and deprived the petitioner of his due process rights to receive an fair trial. The petitioner believes that he was entitled to an jury instruction of involuntary manslaughter. The petitioner asserts that he has complied with the state court exhaustion rules and has presented his claims to the state's highest court.

**Ground Two:** Whether the court erred by refusing to charge the defense of accident where jailhouse snitch and "jailhouse lawyer" John Presley testified appellant told him in one statement that he accidentally killed the decedent, but later changed his statement when Presley told appellant no one would believe him, since Presley's testimony that appellant first told him the decedent's death was an accident was evidence of accident mandating that instruction?

**Supporting Facts:** The court was in err by refusing to charge the defense of an accident that would have made the charge an lesser included offense. The results of the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Not, only was it unreasonable but contrary to, and it involved an unreasonable application of clearly established Federal law as determined by the Supreme Court. The petitioner contends that he was entitled to an lesser included offense or involuntary manslaughter. The petitioner was found guilty of murder. The petitioner contends that had the prosecution not have withheld the exculpatory evidence from the jury, the outcome of the proceedings would have been different. Murder is the killing of any person with malice aforethought. Malice is the wrongfully intent to injure another and indicates a wicked or depraved spirit intent on doing wrong.

**Ground Three:** Whether the petitioner was deprived of his Sixth Amendment rights to an fair trial, and deprived of his rights to effective assistance of counsel during his "critical stage" trial by jury?

**Supporting Facts:** The petitioner was deprived of an fair trial which in the case of * United States v. Morrison, 449, U.S. 361, 364, (1981) Unless the accused receives the effective assistance of counsel a serious risk of injustice infects the trial itself. In the case of *Engle v. Isaac, 456, U.S. 107, (1982). The Court referred to the criminal defendant's constitutional guarantee of a fair trial and competent attorney. In the case of *Jones v. Barnes, 463, U.S. 745, 758, (1983)), To satisfy the constitution counsel must function as an advocate for the defendant, as opposed to a friend of the court. The Counsel's opening remarks made it clear to the jury that her client was guilty of the offense charged. Counsel's deficient performance was indeed prejudicial. It is the defendant's burden to challenge the jury's instruction, the petitioner asserts that the trial court's jury instruction was ambiguous and that there was reasonable likelihood that the jury applied the instruction in a way that relieved the State of its burden of proving every element

of the crime beyond reasonable doubt. See *Waddington v. Sarausad, -U.S.- 172 L.Ed. 532, 129, S.Ct. 823, (2009).

**Ground Four:** Ineffective Assistance of Counsel.

**Supporting Facts:** Counsel failed to sufficiently challenge the forensic pathologist's findings of homicide as a manner of death by failing to adequately cross examine the witness and failing to present expert testimony on defendant's behalf. Counsel failed to seek an instruction by the court regarding the definition of homicide. Counsel abandoned any notion that the jury might be persuaded to find her client guilty of the lesser crime manslaughter on the theory that the victim's homicide was committed during an heated argument. There was also an abandonment that maybe her client was insane at the time of the offense. At, the least counsel should have requested an jury instruction on that lesser included offense. The court's decision that counsel was not ineffective and denying the petitioner's application for relief, in the case of *Williams v. Taylor, 529 U.S. 362, 146, L.Ed.2d. 389, 120, S.Ct. 1495 (2000). was contrary to or it involved an unreasonable application of clearly established Federal law. The question is whether the petitioner's constitutional rights to receive effective assistance of counsel as defined in Strickland v. Washington, was violated?

(2). Counsel failed to object to the Court's jury instruction that "malice may also rise where a deed is done with a deadly weapon," where this instruction had a tendency to confuse the issues, mislead the jury, and inappropriately shifted the burden to the defense.

(3). Counsel failed to object to witness John Presley introducing evidence of the petitioner's prior arrest for a domestic violence charge against the victim. The evidence was then allowed to be emphasized by the Solicitor in his closing argument.

(4). Counsel failed to effectively communicate with the petitioner while making the decision no to present exculpatory DNA evidence at trial. Further, Counsel failed to object to improper statement by the Solicitor, nor did counsel request an mistrial when the Solicitor improperly introduced during her closing argument that there was no DNA physical evidence found at the crime scene because the petitioner used gloves. Counsel has an obligation or an duty to defend and protect the constitutional rights of her client. Where the material facts were not adequately developed at the state court hearings, the petitioner believed that he is entitled under both 28 U.S.C. § 2254(d) and the case of *Townsend v. Sain, 372 U.S. 293, to an evidentiary hearing in federal court. Trial counsel failed to use sound strategy.

**Ground Five**: Actual Innocence.

> **Supporting Facts**: Finding out about the exculpatory evidence after trial has become newly discovered evidence that could have changed the outcome of my trial proceedings.

(ECF No. 1 at 8, 11-12, 15-16, 19).

## II. Discussion

In her report, the magistrate judge recommends that the court grant Respondent's summary judgment motion. As noted above, Commander has not filed any objections. Respondent filed objections in which he agrees with the recommended disposition, but he objects to the magistrate judge's determination of "possible errors" in regard to two ineffective assistance of counsel issues "in the event the District Court should consider the "possible error" as actual error . . . ." (Objections at 1).

In order to prevail on a claim of ineffective assistance of counsel, a petitioner bears the burden of showing that (1) counsel's performance fell below an objective professional standard of reasonableness; and (2) that counsel's deficiencies prejudiced his defense. *Strickland v. United States*, 466 U.S. 668, 687-92 (1984). An insufficient showing under either prong of *Strickland* ends the inquiry, and if prejudice is not established, there is no need to reach *Strickland's* deficiency prong. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

In regard to Ground Four, the magistrate judge found a "possible error" based on trial counsel's failure to consult with and call an expert forensic pathologist as a witness. (Report at 49). The magistrate judge concluded that based upon this "possible error" Commander had met his initial burden under *Strickland*. *Id.* The magistrate judge, however, then determined that Petitioner was not prejudiced by the possible error. (Report at 50). The court agrees with the magistrate judge that Commander cannot establish prejudice in regard to the failure of counsel to

consult or call a forensic pathologist as a witness. Based on this finding, the court finds it unnecessary to address whether Commander established counsel's performance was deficient. *Cousins v. Green*, 416 Fed. App'x 278, 282 (4th Cir. 2011) ("Although an ineffective assistance claim must satisfy both of the *Strickland* prongs, the Supreme Court has recommended that, when possible, the prejudice prong should be first addressed."); *McHone v. Polk*, 392 F.3d 691, 704 (4th Cir. 2004) ("If McHone fails to demonstrate sufficient prejudice from certain acts or omissions, we need not decide whether counsel's performance in those respects was, in fact, deficient under *Strickland*." (citing *Strickland*, 466 U.S. at 694)). Accordingly, the Report is modified to deny this ground for relief based solely on the failure of Commander to establish prejudice.

Respondent also objects to the magistrate judge finding "possible error when trial counsel did not attempt to combat a statement made during the State's closing argument." (Objections at 4). In his closing argument, the Solicitor stated:

> a lot of time you don't find fingerprints even in your house. I know why we didn't find anything here. He's cleaning up. He's cleaning up. Dr. Nichols said only one time in my 25 years have we found something underneath fingernails. He's cleaning up. There are gloves in there. If he tries to make any issue about why anything wasn't else there, DNA his client, may try to get, they're cleaning, he cleaned it up.

App. 849. The magistrate judge found trial counsel was not deficient in failing to object or request a mistrial in reagrd to this part of the Solicitor's closing argument. (Report at 56-57). The magistrate judge, however, found no prejudice based on overwhelming evidence of Commander's guilt, including self-incriminating statements and the circumstances surrounding Commander's arrest. (Report at 57).

Again, the court agrees with the magistrate judge that Commander cannot establish prejudice based on the failure of counsel to object or move for a mistrial based on the Solicitor's

8

closing argument. Based on this finding, the court finds it unnecessary to address whether Commander established counsel's performance was deficient. Accordingly, the Report is modified to deny this ground for relief based solely on the failure of Commander to establish prejudice.

### III. Conclusion

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court adopts the Report as modified. Accordingly, Respondent's motion for summary judgment (ECF No. 27) is **GRANTED**, and Petitioner's petition is **DISMISSED**. Further, Petitioner's Motion to Compel Discovery (ECF No. 43) is **DENIED.**

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

January 18, 2018  
Anderson, South Carolina